JOHN P. MCCAFFERTY'S CASE.

Suffolk. February 5, 1997. - February 28, 1997.

Present: WILKINS, C.J., LYNCH, O'CONNOR, FRIED, & MARSHALL, JJ.

*Workers' Compensation Act,* Insurer, Reimbursement of insurer. *Words,* "Compensation."

An insurer's direct payment of fees to an attorney pursuant to G. L. c. 152, § 13A (6), in connection with a lump sum settlement with an injured employee, was not "compensation" within the meaning of G. L. c. 152, § 37, for purposes of the insurer's reimbursement under that section. [326]

APPEAL from a decision of the Industrial Accident Reviewing Board.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*W. Frederick Uehlein* for the insurer.

*Paul R. Ingraham* for the Department of Industrial Accidents.

*James D. Chadwell,* amicus curiae, submitted a brief.

WILKINS, C.J. Pursuant to G. L. c. 152, § 37, a trust fund (created by G. L. c. 152, § 65) provides payment in certain circumstances to a workers' compensation insurer that has paid compensation to an injured worker who had a known physical impairment that was due to some previous accident, disease, or congenital condition. In 1988, at the time of the injury in this case, § 37 provided that the trust fund reimburse "an amount equal to [75%] of all compensation paid subsequent to that paid for the first [104] weeks of disability." G. L. c. 152, § 37, as amended through St. 1986, c. 662, § 32.

In this case, Aetna Casualty and Surety Company (Aetna) paid compensation for which it was entitled to reimbursement from the trust fund when it entered into a "lump sum agreement" (see G. L. c. 152, § 48) with the employee, in which Aetna agreed to pay $35,000. The Department of

Industrial Accidents (department) approved the agreement, which provided that Aetna would pay $5,000 directly to the employee's attorney, thereby reducing the amount to be paid directly to the employee.

The issue in this case is whether Aetna is entitled to reimbursement from the trust fund for seventy-five per cent of the attorney's fees that it paid. An administrative judge in the department denied Aetna's petition for reimbursement with respect to attorney's fees and, on appeal to the reviewing board, that decision was affirmed. Aetna then appealed to the Appeals Court. We transferred the appeal here on our own motion. We affirm the decision of the reviewing board.

Section 37 contains a specific definition of "compensation," as the word was used in that section, for the purpose of identifying the payments to an employee for which the trust fund must make reimbursement to the insurer. "The word 'compensation' as used in this section for the purpose of reimbursement hereunder shall include all payments to the employee . . . provided for by sections [30, 30A, 31, 32, 33, 34, 34A, 35, 35A, 36 and 36A]." Aetna's payment of the attorney's fee was made directly to the attorney, not to the employee, and, more important, that payment was not provided for in any of the enumerated sections set forth in the language quoted from § 37. The payment of the attorney's fee was made pursuant to G. L. c. 152, § 13A (6), as amended by St. 1987, c. 691, § 8, which provided that, when a lump sum settlement is agreed to, the attorney's fee "shall be paid from the settlement." The absence of a reference to § 13A in § 37 is fatal to Aetna's claim. Although the payment to an injured worker's attorney may be compensation in a general sense under G. L. c. 152, as Aetna argues, it is not compensation pursuant to the specific definition of compensation for the purposes of § 37.

The decision of the Department of Industrial Accidents denying relief against the workers' compensation trust fund is affirmed.

*So ordered.*